Per Curiam.

The question presented is whether the dual operation engaged in by appellant entitled it to exception from sales and use taxes on purchases of equipment and materials used in both common-caFrier and contract-carrier service. Appellant contends that it is serving the public; that the purchases were made for use in directly rendering a public-utility service; and that, as a holder of a certificate of public convenience and necessity, it is a motor transportation company and hence a public utility and entitled to exception from payment of the sales and use taxes under Section 5739.01, Revised Code, which provides in part:
“(E) ‘Retail sale’ and ‘sales at retail’ include all sales except those in which the purpose of the consumer is:
# #
“(2) * * * to use or consume the thing transferred * * # directly in the rendition of a public-utility service * *
This court is not in accord with appellant’s contention. Appellant is a dually empowered trucking company, engaged as a common carrier in public-utility service and also in private-contract freight haulage, and the goods purchased were used interchangeably for excepted and nonexcepted purposes, predominately for the latter, i. e., contract-carrier haulage. • At no time during the audit period did appellant operate exclusively or primarily as a common carrier. The primary use to which the purchased property is put is determinative. An incidental use otherwise will not destroy the status. Mead Corp. v. Glander, Tax Commr., 153 Ohio St., 539.
The decision of the Board of Tax Appeals is affirmed.

Decision afirmed.

Weygandt, C. J., Zimmerman, Taft, Matthias, Bell, Herbert and Peck, JJ., concur.